

**Littler Mendelson, P.C.**
290 Broadhollow Road
Suite 305
Melville, NY  11747

Lisa M. Griffith
631.247.4709 direct
631.247.4700 main
631.850.5363 fax
lgriffith@littler.com

February 26, 2024

**VIA ECF**

The Honorable Mary Kay Vyskocil
United States District Court
Southern District of New York
500 Pearl Street, Room 2230
New York, New York 10007

**Re:**   *Megan Daneshrad v. Moses & Singer LLP, et al., Civil Action No.*23-cv-11056

Dear Judge Vyskocil:

On behalf of Defendants Moses & Singer LLP, Dean Swagert, David Lackowitz, Paul Roder, and Philippe Zimmerman ("Defendants"), we write pursuant to Your Honor's rules to request a pre-motion conference concerning Defendants' anticipated partial motion to dismiss[1] Plaintiff's Complaint (Dkt. 1, "Compl.").

### I.     PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR IMPROPER GROUP PLEADING

Rule 8(a) of the Federal Rules of Civil Procedure "requires, at a minimum, that a complaint give each defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." *Atuahene v. City of Hartford*, 10 F. App'x. 33, 34 (2d Cir. 2001). Pleadings fail to meet that minimum requirement where allegations "lump all the defendants together in each claim and provide no factual basis to distinguish their conduct." *Id*. Here, the Complaint lumps all the Defendants together and fails to distinguish which Defendant(s) committed which specific action.

### II.    THE EPA AND NYLL 194 CLAIMS ARE NOT VIABLE

Plaintiff alleges that she and other similarly situated female employees did not receive the same rate of pay as males based solely on their gender, in violation of the Equal Pay Act ("EPA") and NY Labor Law 194. Plaintiff's has not included sufficient facts to permit the reasonable inference that the relevant employees' job content was substantially equal. *EEOC v. Port Auth. of N.Y. & N.J.*, 768 F.3d 247, 255 (2d Cir. 2014).

---

[1] Defendants will also move pursuant to FRCP 12(f) to strike the prejudicial, scandalous, irrelevant allegations including those in paragraphs 10 and 17 of the Complaint concerning the pregnancy that Plaintiff herself terminated and concerning false and irrelevant allegations about the personal lives of a Senior Partner and former partner at the firm.

The Honorable Mary Kay Vyskocil
February 26, 2024
Page 2

Moreover, Plaintiff has failed to allege that the individual Defendants have operational control of the defendant law firm or the power to do more than carry out personnel decisions. In fact, she does not even allege who set her pay.

### III.  THE FMLA CLAIMS SHOULD BE DISMISSED AS TO THE INDIVIDUAL DEFENDANTS

An individual may be held liable under the FMLA only if they are an "employer" which is defined as encompassing "any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer," 29 U.S.C. § 2611(4)(A)(ii)(I); *see also* 29 C.F.R. § 825.104(d). The Complaint is devoid of any allegations even suggesting that the individuals named were her "employer."

Plaintiff's claim for retaliation under the FMLA fails for the same reasons and also because the alleged termination took place approximately two years after Plaintiff returned from her FMLA leave. *Fernandez v. Woodhull Med. & Mental Health Ctr.*, 2017 U.S. Dist. LEXIS 125504 *26 (E.D.N.Y. Aug. 8, 2017).

### IV.  THE DISCRIMINATION CLAIMS UNDER NYSHRL AND NYCHRL SHOULD BE DISMISSED

In order to state a claim under the New York City Human Rights law ("NYCHRL"), Plaintiff must allege that she has been "treated less well" at least in part because of her gender. *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 110 (2d Cir. 2013). Some courts consider New York State Human Rights Law ("NYSHRL") claims together with NYCHRL claims. *Charles v. City of New York*, 2023 U.S. Dist. LEXIS 57078 *18, (S.D.N.Y. Mar. 31, 2023).

Plaintiff's claims of discrimination fail because her allegations lack a plausible inference that her gender motivated any of their alleged actions. Further, none of the allegations demonstrate that Plaintiff was treated "less well" in regard to compensation or the terms and conditions of her employment. Additionally, these claims fail as against the individual Defendants because the Complaint is bereft of allegations that any of them set her pay.

Plaintiff claims that she was not assigned "substantive" work as compared to her male comparators. However, Plaintiff's own allegations demonstrate that she was assigned substantive work, including Section 1782 litigation, fee arbitrations and lead roles in drafting numerous appeals. She was also promoted to Partner. Furthermore, the individual Defendants are not employers within the meaning of the NYCHRL. *Doe v. Bloomberg L.P.*, 36 N.Y.3d 450, 461 (2021).

### V.  PLAINTIFF'S CLAIMS FOR AIDING AND ABETTING SHOULD BE DISMISSED

An individual defendant may be held personally liable under the NYSHRL and NYCHRL if "he participates in the conduct giving rise to the discrimination claim." *Sanchez v. L'Oreal USA, Inc.,* No. 21-cv-3229 2022 U.S. Dist. LEXIS 88733 *13, (S.D.N.Y. May 17, 2022). However, under the NYSHRL and NYCHRL, individuals may not be held liable merely for aiding and abetting his own discriminatory conduct but only for assisting another party in violating that law. *Strauss v. New York State Dept. of Educ.*, 26 A.D.3d 67, 73 (2005).

Plaintiff has failed to allege any facts indicating that Swagert aided and abetted any actions of the Defendants. While Plaintiff alleges that Zimmerman and Lackowitz both gave her less desirable work, this allegation attempts to impute liability to them for their own actions, but they cannot be liable for aiding and abetting their own actions.

The Honorable Mary Kay Vyskocil
February 26, 2024
Page 3

### VI. THE RETALIATION CLAIMS UNDER NYSHRL AND NYCHRL SHOULD BE DISMISSED

To prevail on a retaliation claim under the NYCHRL, Plaintiff must show that she "took an action opposing her employer's discrimination, and that, as a result, the employer engaged in conduct that was reasonably likely to deter a person from engaging in such action." *Tsepenyuk v. Fred Alger & Co., Inc.*, 2023 U.S. App. LEXIS 25140 *4 (2d Cir. Sep. 22, 2023). To prevail on a retaliation claim under the NYSHRL, Plaintiff must plead that defendants "(1) took an adverse employment action—against h[er], (2) because [s]he has opposed any unlawful employment practice." *DeJesus v. Bon Secours Cmty. Hosp.*, 2024 U.S. Dist. LEXIS 24282*17 (S.D.N.Y. Feb. 12, 2024).

Plaintiff has not alleged that the individual Defendants engaged in conduct that was reasonably likely to deter a person from engaging in protected activity. Plaintiff claims she complained that males received more substantive work compared to her. She identifies an email she sent on or about June 6, 2019. Not only is that allegation time-barred, Plaintiff alleges that in response to this email, she then received a **promotion** to Partner in 2020 and, as explained above, Plaintiff admits that she did receive substantive assignments. The last date Plaintiff alleges she engaged in protected activity was on June 20, 2023. Yet, she was terminated almost four months later and as such there is no causal connection. *See*, *e.g.*, *Nadel v. Shinseki*, 57 F. Supp. 3d 288, 299 (S.D.N.Y. 2014) (granting motion to dismiss and holding "a temporal gap of approximately three months between the protected activity and the adverse action, without more, prohibits an inference of causation.").

### VII. PLAINTIFF'S CLAIMS FOR RETALIATION UNDER NYLL §215 ARE NOT VIABLE

On November 21, 2022, NYLL §215 was amended to prohibit employers from disciplining employees who take legally protected time off from work, effective February 19, 2023. Plaintiff did not take protected leave on or after February 19, 2023. Furthermore, Plaintiff's complaint contains no allegations that she complained about an underlying NYLL violation. *Wu v. Good Samaritan Hosp. Med. Ctr.*, 815 F. App'x 575, 582 (2d Cir. 2020) (quoting NYLL § 215(a)(1)).

### VIII. PLAINTIFF'S CLAIMS UNDER NYLL §206-C ARE NOT VIABLE

The only court to consider whether NYLL § 206-c creates a private right of action expressly held that it does not after reviewing the language of the statute and legislative history. *Kratzert v. White Lodging Services, Inc.*, No. 1-09-CV-597, 2010 U.S. Dist. LEXIS 20820, *1 (N.D.N.Y. March 8, 2010).

### IX. CONCLUSION

For these reasons, Defendants respectfully request that the Court schedule a pre-motion conference concerning their anticipated motion to dismiss. We thank the Court for its consideration of this request.

Respectfully submitted,

*/s/ Lisa M. Griffith*
Lisa M. Griffith